Commonwealth v. Smith

C.P. of Lycoming County, No. CR-369-2013

BUTTS, *J.*, Sept. 22, 2014—On April 23, 2014, the defendant filed a motion to suppress evidence. A suppression hearing was held on July 14, 2014.

## I. Background

At approximately 2:27 A.M. on November 24, 2012, Officer Joshua Bell (Bell) of the Williamsport Bureau of Police was driving a patrol car east on Washington Boulevard in Williamsport, Pennsylvania. Bell observed a white Cadillac four-door car exit the parking lot of Joey's Place Restaurant and proceed west on Washington Boulevard. During the suppression hearing, Bell testified that he had only a matter of seconds to observe the driver of the white Cadillac. Bell believed that the driver of the white Cadillac was E.N. During the preliminary hearing, Bell testified that he had stopped E.N. several times when E.N. was driving that vehicle. Bell knew that E.N.'s license was suspended because he had stopped E.N. a week or two before and had

issued her a citation for driving with a suspended license.

Believing that the driver was E.N., Bell pulled over the white Cadillac. Bell testified that he stopped the car only because he thought it was E.N. Bell went to the driver and asked for the license of the driver. When Bell saw the license, he realized that the driver was the defendant, Sonya Smith. Bell told the defendant that he stopped her because he thought she was somebody else. Bell, however, noticed a strong odor of alcohol emitting from the defendant. He also observed that the defendant had glassy bloodshot eyes and slurred speech. After the defendant performed field sobriety tests, Bell determined that the defendant was not capable of driving safely and placed her under arrest for driving under the influence of alcohol. The defendant was transported to the DUI Processing Center, where she submitted to a blood draw. The defendant had a blood alcohol content of 0.21% at the time her blood was drawn. The defendant was charged with driving under the Influence of alcohol,[1] Driving under the influence with the highest rate of alcohol,[2] and driving while operating privilege is suspended.[3]

During the suppression hearing, Bell testified that his observation of the following characteristics led him to believe that the driver of the white Cadillac was E.N. The driver was white, had a "female shaped" face, had a medium to slender build, and had dark brown hair down to her shoulders.

During the suppression hearing, E.N. testified that she had been pulled over by Bell while driving a white Pontiac Grand Prix. She testified that she had never been pulled over

---

1. 75 Pa. C.S. § 3802(a)(1).
2. 75 Pa. C.S. § 3802(c).
3. 75 Pa. C.S. § 1543(b)(1.1)(i).

by Bell while driving a white Cadillac. E.N.'s testimony also established that the defendant weighs 80 to 90 pounds less than E.N., and the defendant is five or six inches shorter than E.N.

The defendant argues that the stop was made in violation of her rights under Article 1 Section 8 of the Pennsylvania Constitution and the fourth amendment to the United States Constitution. Specifically, the defendant argues that even if Bell had an honest belief that the driver of the car had a suspended license, the stop was not justified as there is no "good faith exception" under the Pennsylvania Constitution with regard to unlawful seizures and arrests. The defendant argues that since the stop was done in violation of the defendant's constitutional rights, any evidence seized as a result of the stop must be suppressed. The Commonwealth argues that the "good faith exception" applies to this situation because there was no search or arrest warrant.

## II. Discussion

"In Pennsylvania, a police officer has authority to stop a vehicle when he or she has reasonable suspicion that a violation of the Motor Vehicle Code is occurring or has occurred. Our Supreme Court defines reasonable suspicion as: a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to 'specific and articulable facts' leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative

detention. Thus...in order to establish reasonable suspicion, an officer must be able to point to specific and articulable facts which led him to reasonably suspect a violation of the Motor Vehicle Code[.]" *Commonwealth v. Farnan*, 55 A.3d 113, 116 (Pa. Super. 2012) (quoting *Commonwealth v. Holmes*, 14 A.3d 89, 95-96 (Pa. 2011)).

"The determination of whether an officer had reasonable suspicion that criminality was afoot so as to justify an investigatory detention is an objective one, which must be considered in light of the totality of the circumstances." *Holmes*, 14 A.3d at 96. "[E]ven stops based on factual mistakes generally are constitutional if the mistake is objectively reasonable." *Commonwealth v. Chase*, 960 A.2d 108, 120 (Pa. 2008) (plurality opinion).

This court finds that Bell did not have reasonable suspicion that a violation of the Motor Vehicle Code was occurring because Bell's mistake was not objectively reasonable. The defendant was stopped in a car of different make than the car in which E.N. was stopped. Based on Bell's testimony, the defendant was pulled over because she was a white female with dark brown hair down to her shoulders, and she was driving a white car. These facts are not specific enough to establish reasonable suspicion that the driver of the white Cadillac was E.N.

Since Bell did not have reasonable suspicion that a violation of the Motor Vehicle Code was occurring, Bell was not justified in pulling over the defendant. The exclusionary rule prohibits the introduction of evidence unlawfully obtained.[4] *See Murray v. United States*, 487

---

4. The independent source doctrine is an exception to the exclusionary rule. *See Nix v. Williams*, 467 U.S. 431, 443 (1984).

U.S. 533, 536-37 (1988). Any evidence obtained after Bell pulled over the defendant was obtained unlawfully and must be excluded.

## III. Conclusion

Given the facts and circumstances presented, the court finds that Bell did not have reasonable suspicion that the driver was E.N. Therefore, the search of the defendant was unlawful. Any evidence obtained after Bell pulled over the defendant must be suppressed since it was the product of an unlawful search.

## ORDER

And now, this 22nd day of September, 2014, based on the foregoing opinion, the defendant's motion to suppress evidence is hereby granted. It is ordered and directed that any evidence obtained after officer Bell pulled over the defendant be suppressed.